IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | 3:13-mc-452-JFA |
| | ) | |
| ALL QUI TAM ACTIONS FILED UNDER | ) | |
| THE FEDERAL FALSE CLAIMS ACT | ) | STANDING ORDER |
| PENDING ON THE DOCKET OF UNITED | ) | |
| STATES DISTRICT JUDGE JOSEPH F. | ) | |
| ANDERSON, JR. | ) | |
| | ) | |
| _____ | ) | |

This order is being entered to memorialize this court's position regarding repeated requests to extend the sixty-day statutory seal period[1] by the government in numerous unrelated qui tam actions now pending on this court's docket.

In particular, in recent years, this court has extended the seal period, at the request of the government, on eight occasions in two actions. The government recently announced its intention not to join in those actions, and the court, therefore, has authorized the unsealing of those cases and the service of the pleadings upon the defendants. These cases are both

---

[1] 31 U.S.C.A. § 3730 provides:

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera.

1

now more than three years old and, therefore, must be reported on this court's semi-annual report of long-pending cases.[2]

In four other sealed actions, this court has extended the seal numerous times, ranging from two (in an action filed March 12, 2013) to five (in an action filed June 14, 2011). Most of the time, the government has suggested that an extension of the seal period is appropriate because the government has received permission from this court to disclose the existence of the lawsuit to the defendant for the purpose of requesting documents from the defendant and attempting to settle the case.

As observed by the United States Court of Appeals for the Fourth Circuit, Congress adopted the sixty-day seal period for numerous reasons:

> (1) to permit the United States to determine whether it already was investigating the fraud allegations (either criminally or civilly); (2) to permit the United States to investigate the allegations to decide whether to intervene; (3) to prevent an alleged fraudster from being tipped off about an investigation; and, (4) to protect the reputation of a defendant in that the defendant is named in a fraud action brought in the name of the United States, but the United States has not yet decided whether to intervene.

*Am. Civil Liberties Union v. Holder,* 673 F.3d 245, 250 (4th Cir. 2011) (*citing* S.Rep. No. 99–345, at 24–25 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5289–90; *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003); *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–99 (2d Cir.1995)).

Noticeably, none of the foregoing reasons for extending the seal period involve

---

[2] In one of the cases, the government repeatedly represented that extensions were necessary because the case was very close to settlement. That case has not settled and the government declined to intervene.

discovery of documents from the putative defendant or settlement negotiations. Further, the Committee on the Judiciary, in a Senate report, found "that with the vast majority of cases, 60 days is an adequate amount of time to allow Government coordination, review and decision." S. REP. 99-345, 24-25, 1986 U.S.C.C.A.N. 5266, 5289-90.

For the foregoing reasons, this court enters this Standing Order to provide notice to the government that, henceforth, the court will no longer consider informal discovery and/or settlement negotiations as sufficient grounds for extending the seal period. Rather, the court will determine, as commanded by the statute, whether the government has shown "good cause" for extending the seal period.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

November 18, 2013                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge